Good morning, Your Honor. Martin Guajardo on behalf of Ramonito Roboca. If we go to the end of the story, I guess what we're looking for in this case is an opportunity to apply for adjustment of status before the immigration judge, an opportunity to apply for a waiver. That opportunity has been foreclosed. Ramonito Roboca has been in the United States for approximately 15 years. He's married to a United States citizen and has United States citizen children. If he were to apply for adjustment of status, he would ask for a waiver because he is the spouse of a United States citizen. His wife, during the course of all of this, was a permanent resident, applied for citizenship, and was granted citizenship by the Immigration Naturalization Service, now DHS. She also filed a visa petition for him, and that visa petition has been approved. The problem that we have, certainly, is set forth in the briefs both by oil and our office, is the question of, has there been a false claim to U.S. citizenship? And I imagine that the controversy for us here is, can we find that even though he made an application for a U.S. passport, that making that application in and of itself now before the immigration court, that the application for adjustment of status and waiver can be pre-permitted, or do we have to look at conduct that is outside of what he actually pled guilty to? The possession of the false document of the submission of that application, 1028A4, and that's what he pled to. He did not plead guilty to making the false claim under 9-11. There's an oath in the passport application, isn't there? There is an oath. And one of the things that you swear to when you sign it is that you haven't been convicted of an offense since becoming a United States citizen. You don't think that's enough? No, I don't think so, because if we look at a case that was decided by this Court nearly 72 years ago, and that's the Duncan case, decided from 1933, this Court reversed the conviction for the false claim on the 9-11. Similar set of facts to the extent that there was a false, there was an application being made for a U.S. passport. I think that the conduct that we have to look to is if we take the application, go over to the post office and submit the application for a U.S. passport, have we answered a question on this application that says I am a United States citizen and that we've sworn to that application? There is no question like that on the application. Let's assume that's not enough. How about the statement in the plea agreement in paragraph 2 where he says that he submitted a fraudulent birth certificate that wasn't his and the purpose was to obtain a United States passport? You don't think that's enough? I think that the short answer to that question, that would not be enough, because we have a certain set of we have conduct that we've identified. This conduct will subject you to this type of criminal penalty. And if those two are not enough, how about this colloquy from the hearing before the I.J.? Question, on August 25 last year, did you represent yourself to be a United States citizen for the purpose of obtaining a U.S. passport? Answer, yes, Your Honor. Question, was that representation in fact false? Answer, yes, Your Honor. Why isn't that enough? If we back up a few pages in that transcript, what did counsel for this respondent do in front of the immigration judge? He said, Your Honor, we are going to deny that he is removable from the United States because he falsely claimed to be a United States citizen. I'm not terribly concerned about what the lawyer said. Isn't this a pretty clear, unambiguous, under oath statement by your client in response to questions from a judicial officer saying that, in fact, he falsely represented to be a U.S. citizen? From our vantage point, no, because I think that what the court is doing at that point, just as if you had the defendant and the court is directing a question to the defendant or, in this case, the respondent, is this what you did? And he says, yes, that's what I did. Now, has he, for purposes of being charged with having made a falsely claimed to an United States citizen, where did that come up? That's nowhere in the record. He pled to having the possession of the false documents. The guidelines call for zero to six months. That was it. That's what he has in his possession. If the immigration judge says to him, well, I think this is what you did, isn't this what you did? He's going to say, yes, that's what I did. The question wasn't even that leading. In fact, the question is not leading at all. And his answer could have been, I was trying to get a passport and I gave them a false birth certificate, but he's asked directly, point blank, did you represent yourself to be a citizen of the United States? And he says, yes. And then he's asked, was that false? And he says, yes. I would imagine that at that point, counsel for the respondent would have said, Your Honor, we've denied that allegation. Did he? No. That wasn't done. But that's not the issue here, though, because here I thought the issue, I think the issue that we have here is you have a conviction not for him making a false, not for him falsely claiming to be a United States citizen. Counsel, one problem I have, I think with the approach, I understand your approach, you're saying that the BIA really has to take a categorical approach to the conviction. And if the statute said an alien is inadmissible when he has been convicted of falsely representing himself to be a citizen, that would put your argument in a stronger light, it seems to me. It doesn't say that. It says you're inadmissible if you have falsely represented. So it seems to me it's open to the immigration judge to explore what the facts were, not just what a conviction was. And was that opportunity allowed in this case? Or is what we have is that there was a pretermission of the application under Section 245, a pretermission of the application for 212i. So it seems that we can't have it go both ways. If we are going to have the immigration judge simply say, isn't this what you did? Yes, that's what I did. Well, all right, let's have a hearing and let's see what you did. Let's have the government go ahead and put on their case and show what exactly it is that you did. And if you have a way that you – if you want to put up your defense, then go ahead and do so. That was foreclosed. That opportunity was never there. In this instance, we have a conviction. The conviction is – in a nutshell, this is what you – this is what the defense lawyers have structured. We're going to go ahead and let you plead to something. You're going to get no jail time. You submitted this false application – this application and you swore to it. That's what you submitted. But that's not what – that conduct in this circuit is not sufficient to establish that you've made a false claim to your citizenship. It's sufficient to establish that you made a false application or you made an application and you've made it. Isn't it significant what you made the application for? I guess that's why we're here. I just don't understand why we're here, Frank. I think that's why we're here, because we need to have some kind of uniformity. I think if we look at these cases, we're going to find that we have cases in various circuits that submitting the application, just submitting the application by itself is not going to be enough for us to be able to find that that was a false claim. Okay. I think we understand your position. Thank you. We'll hear from you. Thank you. Good morning, Your Honors. William Irb from the Department of Justice representing the Respondents in this matter, the Attorney General of the United States. Your Honor, a couple quick points. First of all, in considering this case, we define the ground of removability under Section 237a3d. There doesn't even have to be a criminal conviction. Petitioner is muddling the waters here when he's trying to relitigate basically the criminal conviction for his submitting false documents. There's no under the INA statute, there's no need even to have a criminal conviction. All that has to be established in the removal hearings is he submitted falsely representing himself to be a United States citizen. Do you have to be a citizen to get a passport? I don't believe you do, Your Honor. But I don't actually have that answer. I don't know that for a fact. But a lawful permanent resident or someone seeking an adjustment of status obtain a U.S. passport? I don't believe that to be the case, but I don't know the specific answer to that, Your Honor. A citizen of American Samoa who doesn't elect to take citizenship can get a passport because they're United States nationals. That's correct. A national resident. Yes, that's correct. The position of the government is this, Your Honor. Substantial evidence supports the board's finding the petitioner submitted misrepresented himself as a United States citizen when he submitted a fraudulent birth certificate in his passport application. Your Honor, to look at the facts in this case, you have a petitioner admitting that he submitted a false birth certificate as proof of his United States citizen. We also have the declaration from the Department of State officer affirming that when he submitted his U.S. passport application, he submitted the fraudulent birth certificate as proof of U.S. citizenship. The conviction alone would not be a bar to his application to immigrate off his wife, correct? That's correct. Under the session that he was charged under, the criminal session he was charged with. However, that's not before this Court, nor is it an issue. It's really the question is whether or not substantial evidence supports the finding that he falsely represented himself as a United States citizen. Another fact is, as you pointed out, that the petitioner, when he submitted the passport application, attested to the truth of the information contained in the passport, and then the application then swore that he had not committed any crimes since becoming a United States citizen. So what you have here is a series of admissions, a series of facts that establish that the petitioner falsely misrepresented himself as a United States citizen. Would the denial of the petition for review in this case preclude the petitioner from ever adjusting his status? I believe it would, Your Honor. Permanently? Permanently. Because he would be then found removable. So this, this, if we deny relief, this family is separated forever? I believe that would be the correct situation, Your Honor. I guess we'll decide whether it's correct or not. No, no. That's, yeah, I'm agreeing with you on that point. You know, the point here is that he submitted the fraudulent documents. He tried to obtain U.S. citizenship through fraud. I mean, these are serious allegations. I mean, the United States has the right to issue passports to its citizens, not to people who commit fraud to the United States government. Well, the law says what it says. But it's a fraud that we didn't consider serious enough to imprison for it, and it's being treated the way we treat people who, you know, are guilty of aggravated felonies. But it's family values. We're splitting up a family. I understand, Your Honor. I'm sympathetic to the situation here. But Congress has looked at this issue and, in fact, has provided a series of waivers on inadmissibility. Unfortunately, Petitioner has committed a fraudulent misrepresentation. Under that situation, Congress decided that there should be no waiver to individuals who commit such a crime or such actions. If you look one section above 212i of the INA, there is a waiver for people who merely misrepresent getting documents from the Federal  That's not the situation here, Your Honor. So Congress has allowed four waivers of inadmissibility. And I also would point out that in regards to the issue of whether or not he's adjustable, it is his burden to prove that he's admissible, not the government's burden. Is there discretion to charge him? Could he have just been deported for making a false statement? Well, he's deportable anyway. He's deportable on two grounds, Your Honor. In fact, as we've argued on this. This is just an election of the Department to charge him with this. Well, he's been charged under two separate counts, Your Honor. One was he overstayed his visa when he entered several years ago. Right. And then also based on his misrepresentations. Okay. Thank you, Your Honors. Thank you. Mr. Kennedy? In response to the question, is this a permanent bar, it absolutely is. He will never, ever be able to come to the United States based on that petition or any other petition of any kind. He's permanently barred from relief. I would simply ask the Court to consider the waiver itself, I think, would require that the judge at least hear the facts that relate to the conduct. I don't think that it would be sufficient, as we have seen in this case, for the judge simply to pre-dermit all fact-finding in connection with the application for adjustment and the waiver. I think that that forecloses the opportunity to bring that forth. I think that to deny the petition essentially allows the agency to gain a benefit, which they've not earned, and the benefit that they gain is that they have essentially relied on a conviction for the possession of a false document to be able to get the lion's share of the punishment that you would get if he was convicted on a 9-11, which would have been for making the false claim. Thank you. Thank you. The case just argued is submitted for decision. We'll hear the next case, which is White v. Dijaks.
judges: Schroeder, Canby, Hawkins